IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ROBERT McGEE, II, # 10010913,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:10-CV-0605-L |
| § | | |
| **STATE OF TEXAS,** § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for a writ of habeas corpus brought by a county inmate pursuant to 28 U.S.C. § 2254. McGee was granted a five-year deferred probation after having pleaded guilty in October 2004 and it appears a motion to revoke that probation was issued prior to the expiration of the probationary term, pursuant to which he was incarcerated in the Dallas County Jail. *See* petition at 5.

Parties: At the time of filing this action, Petitioner was incarcerated at the Dallas County Jail. His whereabouts are presently unknown. No process has been issued in this case.

Findings and Conclusions: On March 30, 2010, the court issued an order directing Petitioner to pay the $5.00 filing fee because he had a balance in his inmate trust account of $603. On April 13, 2010, the order was returned to the court with the notation return to sender, not in the Dallas County Jail. As of the date of this recommendation, Petitioner has neither paid the

$5.00 filing fee, nor notified the court of his current address.

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Petitioner has failed to keep the court appraised of his change address. The court is not required to delay disposition in this case until such time as Plaintiff provides his current address. Therefore, this action should be dismissed without prejudice for want of prosecution. *See* Fed. R. Civ. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified); *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out higher standard for dismissals with prejudice for want of prosecution).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court DISMISS the petition without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b), and

DENY the motion to proceed *in forma pauperis* as moot.

Signed this 6th day of May, 2010.

>                          *Wm. F. Sanderson, Jr.*
>                          _____
>                          WM. F. SANDERSON, JR.
>                          UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.